**In the Matter of William VAN METER, Bankrupt.**

**No. 8570.**

United States District Court
S. D. California, S. D.
Aug. 30, 1962.

William F. Gavin, San Diego, Cal., for bankrupt.

John R. Hellen, San Diego, Cal., trustee in bankruptcy.

WEINBERGER, District Judge.

The petition for review herein was tried with the review in the case of In the Matter of Goodson, D.C., 208 F.Supp. 837. In the Goodson case, we reached the question of the title to proceeds of a refund check received by the bankrupt after bankruptcy, and our opinion in such matter is filed as of this date.

In this case the bankrupt Van Meter caused excess withholdings to be made from his pay so that at the end of the taxable year he would be entitled to a refund, as did the bankrupt in the Goodson case. Here, also, bankruptcy intervened prior to the close of the taxable year, and likewise, at the first meeting of creditors the Referee (September 1, 1960) signed an "income tax order" directing the bankrupt Van Meter to file with the trustee a copy of his federal income tax return when he should make the same after the close of the taxable year and to endorse and turn over to the trustee any refund he should receive. Here, also, it appears that by said order on September 1, 1960 the Referee did not

intend to, and did not, adjudicate title to the tax refund, and we are likewise of the view here that such order was not rendered res judicata as to title by the bankrupt's failure to petition for review.

At this point, similarity between the two cases, procedure-wise, ends. The bankrupt did not comply with the order and then seek to have title adjudicated as did the bankrupt Goodson. Van Meter did not comply, and did nothing to have title adjudicated, and on the other hand, the trustee took no further action in the matter. Nor were any contempt proceedings instituted.

A copy of the income tax return made by the bankrupt Van Meter was not given to the trustee; the refund check was sent to the bankrupt, and he did not turn it over to the trustee. Instead, at the direction of his attorney, he endorsed it to said attorney, who deposited it in a special account, and now holds the moneys subject to order of Court.

Objections to the discharge of the bankrupt were filed by the trustee, who cited the bankrupt's refusal "to comply with a lawful order of the Court." The bankrupt moved to dismiss the specifications of objections. The motion was denied.

On November 20, 1962, the Referee denied the discharge of the bankrupt on the ground that he had refused to comply with a lawful order of the Court, to-wit, the order of September 1, 1960. The bankrupt here seeks to review the order of November 20, 1962, claiming that the order of September 1, 1960 was not a lawful one.

◼ As we have noted in the opinion filed in the case of In the Matter of Goodson, the order of the Referee of September 1, 1960, was a proper order, made for the purpose of gathering and preserving the bankrupt's assets under the jurisdiction of the Referee so that she might make future determinations with reference to the respective claims of the bankrupt and the trustee to the refund, when the same was paid. (Section 2,

sub. a(7) Bankruptcy Act, 11 U.S.C.A. § 2, sub. a(7)).

A reading of the transcript of the hearing on objections to discharge gives rise to a doubt in our mind that the failure of the bankrupt to file a copy of his income tax return was a deliberate disobedience of the Referee's order, and it is apparent that the refusal to turn over the income tax refund was occasioned by the direction of the bankrupt's counsel.

The orders of a bankruptcy court are entitled to full respect and should be obeyed. Counsel and the bankrupt in the Goodson case followed the better procedure, yet even in the latter case, the trustee urged that the bankrupt's compliance with the "income tax order" accomplished a waiver of his right to object to the Referee's subsequent determination as to title in the refund!

◼ No detriment to the creditors resulted from the omission of the bankrupt to turn over his refund check. The proceeds are in the hands of the bankrupt's counsel, subject to court order, as we have heretofore noted. The bankrupt acted in good faith upon advice of counsel. We do not believe under these circumstances an honest bankrupt should be deprived of his discharge because of a procedural error committed in an effort to secure a decision on a point of law.

◼ Were we to adjudicate title in the refund at this stage we also would be guilty of a procedural error. It is our view that the record can best be put in order if the bankrupt's counsel hands the refund proceeds forthwith to the trustee, and if the bankruptcy Court or the bankrupt causes the question of title to be determined after notice and hearing.

Accordingly, we shall order payment of the proceeds of the refund to the trustee, and set this review for further hearing on a future date. If at that time our order has been heeded, we shall deny the objections and grant the discharge of the bankrupt.