In the Matter of Raymond R. BOUDREAU.

No. 36601.

United States District Court, D. Connecticut.

Oct. 30, 1972.

in one year next after the right to bring the same shall have accrued.

Frank B. Cochran, New Haven Legal Aid Assn., New Haven, Conn., for petitioner.

Herman S. Hodes, New Haven, Conn., for respondent.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

Petitioner Raymond R. Boudreau filed a voluntary bankruptcy petition November 9, 1970. On December 7, 1970, he was ordered to turn over to the trustee any income tax refund he might receive as a result of payments accompanying the joint return he and his wife filed with the Internal Revenue Service. Subsequently, Boudreau spent the proceeds of a March, 1971 refund check in the amount of $680.12 for houshold necessities and car repairs.

On August 19, 1971, the trustee in bankruptcy filed objections to the bankrupt's discharge, and on December 9, 1971, the bankrupt filed a motion to modify the "turn-over" order. After a combined hearing on both motions before Referee Trevethan on December 13, 1971, the motion to modify the turn-over order was denied on April 7, 1972, and the trustee's objections to discharge were sustained on August 1, 1972.

Boudreau now raises two basic arguments in his petition to review his denial of discharge. He also reiterates the issue raised and decided by this Court in the cases of Herbert Sands, No. 36,028, Frank O'Brien, No. 36,197 and Henry A. Kokoszka, No. 37,437 (D.Conn. July 21, 1972). As the petitioner recognizes, his case is indistinguishable from those decisions which held that the tax refund constitutes property that should be turned over to the trustee.

Boudreau's first argument is that since the refund resulted from a joint return and was payable to both him and his wife, she has an equal claim to the refund and therefore her share should not have been ordered turned over to the trustee. He relies primarily on 26 U.S.C. § 6013 governing joint tax returns and pertinent Internal Revenue Service regulations which make co-signors equally liable for deficiencies.

However, the petitioner stipulated that "The bankrupt's wife Jenny did not work during the year 1970 and did not contribute to the family during that year." Stipulation, April 3, 1972.

Clearly state law governs the issue of the wife's property interest in the tax refund check. *See* 4A Collier on Bankruptcy 70.17(7) (14th Revision); Hayes v. Schafer, 399 F.2d 300, 301 (6th Cir. 1968). While there is no Connecticut case directly on point, the statute governing property rights of husband and wife, Conn.Gen.Stat. § 46–9, emphasizes the independence of each. It provides, "Neither husband nor wife shall acquire by the marriage any right to or interest in any property held by the other before or acquired after such marriage . . ." except survivor benefits.

Further, the only reported case on point rejected the very argument presented here in a state with statutory provisions similar to Connecticut. Matter of Illingworth, 30 REF.J. 134 (D.C.

Or.1956). In *Illingworth,* the Referee held:

> "The law, while providing certain benefits in the filing of a joint return and imposing certain liabilities, does not go so far as to change the ownership of any property between the husband and wife. The filing of the joint return, therefore, did not vest in the wife, any title to any part of the tax refund. . . ."
>
> \*   \*   \*   \*   \*   \*
>
> " . . . we must look not to the check for the tax refund, but to the actual earnings and withholdings from the wages of husband and wife to determine what part of the refund should belong to each."

*See also* Snedecor, "Comments on Income Tax Refunds" which follows the *Illingworth* decision at 30 REF.J. 135 (1956).

 There is nothing in Connecticut law to suggest a different result. Petitioner's first argument therefore fails.

Petitioner's second argument is that despite his failure to comply with the lawful order to turn over the refund check, the Referee had discretion to permit a discharge. His claim is that the Referee failed to exercise discretion in considering a discharge, believing himself required to deny discharge by § 14 of the Act, 11 U.S.C. § 32(c)(6). This section provides that a discharge shall be granted unless the bankrupt "in the course of a proceeding under this title refused to obey any lawful order. . . ."

Plainly the Referee did construe the statute to preclude the exercise of discretion. His decision denying discharge cited § 14(c)(6) for the proposition that "a bankrupt *shall not* receive a discharge in bankruptcy if . . . he has refused to obey a lawful order. . . ." (emphasis added). Moreover, the Referee's Certificate on Petition for Review stated as a conclusion of law that the bankrupt's refusal to obey the turnover order "required denial of dis-

charge to him under the provisions of § 14(c)(6) of the Bankruptcy Act."

 However, a Referee has wide discretion to grant or deny discharge under § 14, In re Halpern, 387 F.2d 312 (2d Cir. 1968); Kansas Federal Credit Union v. Niemeier, 227 F.2d 287 (10th Cir. 1955). While refusal to obey a lawful order can be, pursuant to subsection (c)(6), a ground for denial of discharge in the exercise of the Referee's discretion, it is not an automatic bar that obviates the need to exercise any discretion. *Cf.* In re Van Meter, 208 F.Supp. 835 (S.D.Cal.1962). The circumstances of the bankrupt's receipt and expenditure of the tax refund check here may well justify denial of discharge, but the bankrupt is entitled to have the Referee exercise his discretion by considering, along with these circumstances, whatever equities can be urged in the bankrupt's behalf.

Accordingly, the petition is granted, and the matter is remanded to the Referee for further proceedings in accordance with this decision.