**In re Malen A. JUZWIAK, Debtor.**

**FOND DU LAC SERVICE MOTOR COMPANY, INC., Plaintiff,**

v.

**Malen A. JUZWIAK and Juzwiak Implement, Inc., Defendants.**

**Bankruptcy No. WU7–86–01287. Adv. No. 86–0265–7.**

United States Bankruptcy Court, W.D. Wisconsin.

June 26, 1987.

David P. Olson, Neillsville, Wis., for plaintiff.

Terrence R. Spaeth, Herrick, Hart, Duchemin, Danielson & Guettinger, Eau Claire, Wis., for debtor-defendant.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

The plaintiff, by David P. Olson, has initiated this adversary proceeding pursuant to 11 U.S.C. § 523(a)(4) and Bankruptcy Rule 4007 alleging that an obligation owed by the debtor should be excepted from discharge and declared non-dischargeable. The debtor appears by Terrence R. Spaeth and has moved to dismiss this proceeding for not being timely filed. An adjourned pre-trial conference was held in this matter on April 10, 1987, and the issue has been submitted to the court for determination through briefs.

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 23, 1986. The debtor filed a mailing matrix that included the names and addresses of all his creditors at the same time that he filed his Chapter 7 petition. The plaintiff was properly listed on the mailing matrix. The clerk's office of the Bankruptcy Court mailed out an order and notice of § 341 meeting to all creditors, including the plaintiff, on June 20, 1986. This notice and order specifically set forth September 8, 1986, as the deadline for filing complaints objecting to the dischargeability of debts in accordance with Bankruptcy Rule 4007. The clerk's office of the Bankruptcy Court mailed an amended notice and order of § 341 meeting to all creditors, including the plaintiff, on June 24, 1986. The amended notice similarly listed September 8, 1986, as the deadline for filing complaints objecting to the dischargeability of debts. Neither of these notices was returned to the clerk's office as being non-deliverable. The plaintiff alleges that it did not receive either of these notices. The plaintiff's vice-president has submitted an affidavit stating that the plaintiff did not receive either of the notices mailed out by the clerk's office. The plaintiff does not allege that any of the other 140 creditors did not receive notice.

The plaintiff asserts that it was first notified of the debtor's bankruptcy on August 22, 1986, when it received a letter that indicated the debtor had filed bankruptcy. The plaintiff did not file an objection to dischargeability by the September 8, 1986, deadline. Nor did the plaintiff file a request for an extension of time to file a complaint objecting to the dischargeability of a debt before the September 8, 1986, deadline. Instead, the plaintiff filed the complaint initiating this adversary proceeding objecting to dischargeability on September 22, 1986, well after the deadline for filing such complaints. The debtor has moved to dismiss this adversary proceeding for not being timely filed.

The plaintiff asserts that Bankruptcy Rule 4007 provides that 30 days notice of the deadline for filing objections to dischargeability is required to be provided by the court. The plaintiff further argues that the affidavit of its vice-president dated October 27, 1986, conclusively demonstrates that no such notice was received. Hence, the plaintiff argues that the complaint objecting to dischargeability should be deemed timely filed even though it was not filed by the deadline for such complaints.

Bankruptcy Rule 4007(c) provides:

(c) *Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed.* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). *The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.* On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. (emphasis added)

The plaintiff would have the court interpret this rule to read that the deadline prescribed for filing objections to dischargeability is not effective unless 30 days notice

of such deadline is actually received from the court. However, the actual language of the rule appears to simply be a directive that the clerk provide notice of the deadline. It has been specifically held that the notice requirements of Bankruptcy Rule 4007(c) are binding on the parties even if notice of the deadline for filing complaints was not received from the court. *In re Rhodes*, 61 B.R. 626 (Bankr. 9th Cir.1986) It should also be noted that notice was mailed in accordance with Bankruptcy Rules 4007 and 2002(f)(6).

Generally, "[t]he time limitations of Rule 4007 and the procedure for extending them are set in stone." *In re Shelton*, 58 B.R. 746, 749 (Bankr.N.D.Ill.1986). The rule unequivocally states that motions to extend the time for filing complaints objecting to dischargeability "shall be made before the time has expired." Bankruptcy Rule 4007(c). The court is prohibited from otherwise extending this deadline. Bankruptcy Rule 9006(b)(3).

In the matter sub judice the plaintiff became aware of the debtor's bankruptcy at least 14 days prior to the deadline for filing complaints objecting to dischargeability. The plaintiff could have either timely filed such a complaint or filed a motion requesting an extension of time to file a complaint. The plaintiff elected to do neither. Instead, the plaintiff waited until well after the deadline set forth in Rule 4007(c) to file its complaint objecting to dischargeability.

The specific legal issue presented in this proceeding was recently addressed by the Fifth Circuit Court of Appeals. It was held that the lack of notice of the deadline for filing complaints objecting to dischargeability did not suspend the running of the time period for filing such objections when the plaintiff had notice of the bankruptcy prior to the deadline. *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987). The court is in accord with the reasoning in *Neely v. Murchison*. The plaintiff had ample time to file its complaint or file a motion requesting an extension of time for filing a complaint.

It is the conclusion of the court that the debtor's motion to dismiss this proceeding should be granted.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.