Stephen G. **BASS, Trustee, Plaintiff,**

v.

**Kenneth Marshall HALL, et al., Defendants.**

**Civ. A. No. 87–0138–D.**

United States District Court, W.D. Virginia, Danville Division.

Nov. 23, 1987.

Stephen G. Bass, Danville, Va., Trustee, plaintiff.

Robert J. Smitherman, Danville, Va., for defendants.

## MEMORANDUM OPINION

KISER, District Judge.

Debtors Kenneth Marshall Hall and Beverly J. Hall have appealed the decision of the Bankruptcy Court that Mrs. Hall may claim as a homestead exemption only that proportion of a refund from tax returns filed jointly with her husband as is represented by her contribution to the income reported on the tax returns. For the reasons stated below, I reverse the Bankruptcy Court and hold Mrs. Hall is entitled to keep any of the refund claimed as exempt at the time of discharge.

The parties stipulated to the facts before the Bankruptcy Court. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 25, 1986. At that time, they were entitled to joint tax refunds totaling $5,030 based on 1985 federal and state joint tax returns. This refund resulted from taxable income of $37,798.52 reported by Mr. Hall and $1,937.08 reported by Mrs. Hall. On their homestead deeds, Mr. Hall claimed $2,200 of the tax refund as exempt and Mrs. Hall claimed the remaining $2,830. The first meeting of creditors was held March 13, 1986. There, the Trustee told the Halls to turn over to him the portion of the refund claimed as exempt by Mrs. Hall. The Halls do not remember that request and kept the entire tax refund. On May 14, 1986, the Debtors were discharged. On March 26, 1987, the Trustee commenced the adversary proceeding in Bankruptcy Court claiming Mr. Hall had no basis for exempting a greater portion of the tax refund than represented by her contribution to the taxable income. In a Memorandum Opinion dated June 23, 1987, the Bankruptcy Judge ordered Mrs. Hall to turn over to the Trustee the difference between the amount she claimed as exempt ($2,830) and the amount proportionate to the income she had reported on the return ($245.21).

On appeal to the District Court, a bankruptcy judge's findings of fact are not overturned unless "clearly erroneous," but issues of law are reviewed *de novo.* 1 Collier on Bankruptcy 3.03(7) at 3–183, 3–184.

■ I find as a matter of law that the Trustee should not have been allowed to attack this exemption after the Debtor's discharge. A bankruptcy discharge under Chapter 7 "... discharges the debtor from all debts that arise before the date of the order for relief ...," 11 U.S.C. § 727(b), and "operates as an injunction against the commencement or continuation of an action ... to collect ... any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Even if there had been a valid claim by the Trustee, his right to enforce it would have been terminated by the dis-

charge. *See Matter of Dembs*, 757 F.2d 777, 781 (6th Cir.1985) ("there can be no post-discharge efforts to reach exempted property"); *Matter of Brandstaetter*, 767 F.2d 324, 327–328 (7th Cir.1985) ("barring circumstances which are not present here, post-discharge efforts to reach purportedly exempt property must fail").

■ Even had discharge not been ordered, the Trustee's objection was untimely because it was beyond the time limit established in the Rules of Bankruptcy Procedure.

The Bankruptcy Code directs a debtor to file a list of property claimed as exempt and provides that "(u)nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C.A. § 522(*l*). Bankruptcy Rule 4003 establishes a thirty-day time limit after the first meeting of creditors during which such an objection can be made. The Rule reads, in relevant part:

## EXEMPTIONS

(a) Claim of Exemptions. A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.

(b) Objections to Claim of Exemptions. The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney.

(c) Burden of Proof. In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

Under the Rule, objections not made within 30 days after the first creditors meeting are waived. In this case, that meeting was held March 13, 1986, the Debtor was discharged May 14, 1986, and the Trustee filed his objection to this exemption on March 26, *1987*.

Bankruptcy Rule 9006(b)(3) permits the court to enlarge the time for taking action under Rule 4003(b) "only to the extent and under the conditions stated in these rules." Rule 4003(b) only allows the court to extend the time for objections if the request to extend is made within the original thirty-day period. (Rule 9006(b)(1) establishes a general rule that a bankruptcy judge can extend deadlines under the Rules on a showing of "excusable neglect." However, the rules specifically mentioned in subparts (b)(2) and (b)(3) are explicitly excepted from the general rule. The Seventh Circuit erroneously applied the "excusable neglect" standard to a late filing of objections in *Matter of Brandstaetter*, 767 F.2d 324, 327 (7th Cir.1985). Even if such standard applied here, it is unlikely facts have been alleged here constituting such "excusable neglect.")

■ Courts have allowed objections beyond this time limit if the claimed exemption has no good-faith basis in the law, however, if it is only questionable, the objection must be made within the thirty days. "Where the validity of an exemption is uncertain under existing law ... the creditor cannot rest on his rights in the face of Rule 4003(b)." *Matter of Dembs*, 757 F.2d 777, 780 (6th Cir.1985). Here, the Bankruptcy Judge resolved uncertainty against the debtor; "(w)here the validity of the exemption is uncertain, or where there is no apparent legal basis for the exemption, the exemption may be challenged despite the failure of the trustee to object to the claim of exemption within the time limit of Rule 4003(b)." Memorandum Opinion, June 23, 1987, p. 3 (citing *Dembs* and other cases).

The Bankruptcy Judge concludes that "there is ample uncertainty concerning the validity of Mrs. Hall's exemption," and

holds "that the Trustee is not now precluded from maintaining the present action." *Id.* at 4. As discussed below, the exemption claimed by Mrs. Hall appears valid under Virginia law on joint ownership and its policy of liberally applying homestead exemptions, especially where families are concerned. It cannot reasonably be asserted that the exemption is without a good faith basis, thus allowing the Trustee to assert his objection more than a year after the fact.

While the Fourth Circuit has held that allowance of a late filing of an objection to an exemption is a matter vested in the discretion of the Bankruptcy Judge, *Ragsdale v. Genesco, Inc.*, 674 F.2d 277, 278 (4th Cir.1982), that case was decided under a local rule of that court. In addition, the notice for the meeting of creditors in *Ragsdale* provided that the court could extend the time for filing objections. *Id.*

In this case, the Bankruptcy Judge allowed the Trustee to object more than a year after the creditors' meeting and ten months after the Debtor's discharge. Other courts have refused to allow objections filed much closer to the deadline. *Matter of Brandstaetter*, 767 F.2d at 327 (disallowed objection filed two months after discharge); *Matter of Dembs*, 757 F.2d at 781 (disallowed objection three months after discharge).

■ I also find that even if the Trustee had objected timely and before discharge, Mrs. Hall would be entitled to exempt half of the refund. The Bankruptcy Judge concluded that Mrs. Hall could only exempt the amount proportionate to her income reported on the tax return. His holding was based on *In re Kestner*, 9 B.R. 334 (E.D.Va.1981). The Halls distinguish that case by pointing out that there only one spouse had filed bankruptcy and so the court dealt with only one income. While this distinction is not convincing, Virginia law does not appear to support the conclusion reached in *Kestner*.

No Virginia cases address this issue directly, but cases concerning property owned jointly by married people and Virginia's liberal application of exemptions suggest Mrs. Hall should be entitled to exempt half of the refund resulting from the joint tax return filed with her husband.

Virginia's policy is to apply bankruptcy exemptions liberally in favor of debtors, *Roberts v. County of Henrico Fed. Credit Union*, 709 F.2d 275 (4th Cir.1983), *Wilkinson v. Merrill*, 87 Va. 513, 12 S.E. 1015, 1016 (1891), and where there is doubt as to whether property is exempt, it should be resolved in favor of the exemption. *In re Perry*, 6 B.R. 263 (W.D.Va.1980). As a primary purpose of the homestead exemption is to preserve the family home, *Murphy v. City of Richmond*, 111 Va. 459, 69 S.E. 442 (1910), the rationale for construing exemptions in favor of debtors takes on added importance when applying exemptions to spouses. *Cheeseman v. Nachman*, 656 F.2d 60, 63 (4th Cir.1981) (holding that spouses who live together and file joint bankruptcy petitions are each "householders" and entitled to homestead exemptions).

Under Virginia law, a joint bank account belonging to married persons belongs to them equally unless "there is clear and convincing evidence of a different intent." Va. Code § 6.1–125.3. The General Assembly intended to place a husband and wife in a more favorable position than other joint depositors when it enacted this statute. *Lewis v. House*, 232 Va. 28, 348 S.E.2d 217 (1986).

In addition, Virginia presumes that tenants in common have equal ownership in the absence of proof to the contrary. *Swan v. Swan's Ex'r*, 136 Va. 496, 117 S.E. 858, 865 (1923) (securities); *Smith v. Alderson*, 116 Va. 986, 83 S.E. 373, 374 (1914) (land). This presumption of equal ownership applies to negotiable instruments, *Brantley v. Karas II*, 220 Va. 489, 260 S.E.2d 189, 192 (1979), and should logically apply to joint tax refunds between spouses.

Had Mr. and Mrs. Hall filed for divorce instead of bankruptcy, their proportional contribution to the income on which the return was based, if considered at all, would only be one factor weighed by the court in distributing the refund. Recognizing that one spouse frequently performs

valuable but economically uncompensated services for the family, the equitable distribution statute explicitly directs courts to consider both monetary and non-monetary contributions to the acquisition of assets. Va.Code 20–107.3(E)(2); see also, *Bentz v. Bentz*, 2 Va.App. 486, 345 S.E.2d 773, 775 (1986). It would, therefore, be incongruous to consider only financial contributions to the taxable income which generated the refund in this case.

Finally, and perhaps most importantly, I am persuaded that as the Halls' liability would be joint had taxes been due under the return, their right to the refund should likewise be joint.

Although some non-Virginia cases appear to support the Trustee here, they are distinguishable from the case at bar. *In re Wetteroff*, 453 F.2d 544 (8th Cir.1972), *cert. denied, Wetteroff v. Grand*, 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972), held that the bankruptcy court could require a nonbankrupt wife to endorse a tax refund check made payable to her and her bankrupt husband. The wife in that case had no taxable income during the year in question, but the court's decision was ultimately based on a factual finding that the spouses did not intend to share the refund; "assuming that here the bankrupt husband, knowing of the IRS' practice of returning joint tax refunds to both the husband and wife, intended these events to have the effect of a transfer of his interest in the refund, he was certainly given an opportunity to establish such before the referee in bankruptcy. His testimony (and that of his wife) was not considered credible nor given any probative value under the circumstances by the referee ..." *Id.* at 547. In the Halls' case, there was no finding by the court below that the Halls did not intend to share the refund money, and in light of Mrs. Hall's contribution to the taxable income reported and Virginia's presumption that property (at least joint accounts) owned by husband and wife is shared equally, there is no basis for finding here that the Halls intended otherwise.

The case cited by the Trustee here, *In re Griffin*, 1 B.R. 653 (Tenn.1969), holding a wife who contributed no income could not exempt any of a joint tax refund, would likely have been decided differently under Virginia law as discussed above.

Under the bankruptcy rules, the objecting party has the burden of proof to show that exemptions are not properly claimed. Bankruptcy Rule 4003(c). The Trustee has not carried that burden in this case.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.