In re Vincent Worth CHRISTIE, also known as Worth Christie, and Carolyn G. Christie, Debtors.

Vincent Worth Christie and Carolyn G. Christie, Appellants,

v.

Randy Royal, Chapter 7 Trustee, Appellee.

BAP No. WY–98–062.
Bankruptcy No. 98–10049.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

May 13, 1999.

Stephen R. Winship of Winship & Winship, P.C., Casper, Wyoming, for Appellants.

Randy L. Royal, pro se.

Before PUSATERI, BOHANON, and CORNISH, Bankruptcy Judges.

OPINION

PUSATERI, Bankruptcy Judge.

Debtors Vincent and Carolyn Christie ("the Debtors") appeal the bankruptcy court's order denying their motion to compel the chapter 7 trustee to withdraw an IRS tax refund intercept and to turn over to the Debtors any funds intercepted.

## I. Background

The facts are not in dispute. The Debtors are self-employed, calendar-year taxpayers, but they did not pay any estimated taxes to the Internal Revenue Service during 1997. On February 27, 1998, they filed for protection under chapter 7 of the Bankruptcy Code, and the appellee ("Trustee") was appointed as trustee of their bankruptcy estate. They had not yet filed their 1997 federal tax return at that time, and had not yet paid anything toward their 1997 federal income tax liability. In April 1998, they wanted to obtain an extension of time to file their return, and their tax preparer advised them to send the IRS a check for $9,000 with their extension request. Using money they had earned after they filed for bankruptcy and a loan from a relative, the Debtors complied with this advice. When their return was finally prepared in June, the Debtors learned they had overpaid their 1997 taxes and were entitled to a refund of $3,906.[1]

At some unspecified time, the Trustee had placed an intercept request with the IRS so that any refund due the Debtors would instead be sent to him. The Trustee advised the Debtors that he believed the $3,906 refund was property of their bankruptcy estate, and they would have to apply to the bankruptcy court for relief if they disagreed. They did so.

---

1. The Debtors' appellate brief and at least one pleading they filed with the bankruptcy court frequently refer to the amount of the refund as $3,096. However, as shown on the copy of their tax return and as stated in the bankruptcy court's decision, the amount is actually $3,906.

The bankruptcy court denied the Debtors' motion, holding "that the tax refund for a tax year ending prior to the filing of a bankruptcy petition is property of the bankruptcy estate, regardless of the timing or source of the payment creating the refund." The court declared that "[t]his rule reduces the opportunity for manipulation of the payments vis-a-vis the bankruptcy petition and satisfies the law that a debt owed to the debtor on the date of filing is property of the estate."

## II. Discussion

■ Based on the agreed facts, this appeal presents only a question of law, which we review *de novo*. The bankruptcy court cited a number of cases supporting the general rule that a tax refund owed to a debtor on the date of his or her bankruptcy filing is property of the bankruptcy estate. None of the cases, however, support the proposition that postpetition earnings or a postpetition loan, clearly not property of the estate in a chapter 7 case, become property of the estate simply because the debtor uses them to overpay a prepetition tax claim that is nondischargeable under 11 U.S.C. § 523(a)(1). In fact, the cases imply the opposite result.

In *Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516, 1517–19 (10th Cir. 1991), the Tenth Circuit indicated that two cases about income tax refunds that the Supreme Court had decided under the 1898 Bankruptcy Act were still good law under the 1978 Bankruptcy Code. The most significant one for present purposes is *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). In the course of determining that a tax refund accumulated through prepetition wage withholding was "property" under § 70(a)(5) of the 1898 Bankruptcy Act, the Supreme Court said:

The income tax refund at issue in the present case does not relate conceptually to future wages and it is not the equivalent of future wages for the purpose of giving the bankrupt a "fresh start." The tax payments refunded here were income tax payments withheld from the petitioner prior to his filing for bankruptcy and are based on earnings prior to that filing.

*Id.* at 647, 94 S.Ct. 2431. Clearly, the Court would have distinguished an income tax refund that did "relate conceptually to future wages" and so was necessary to a fresh start for the debtor. In our case, although the amount of income tax the Debtors owed for 1997 was based on earnings prior to their bankruptcy filing, the tax payments to be refunded were not withheld from or paid by them prepetition but instead came from money they earned after filing—as of the date they filed for bankruptcy, this money *was* their "future wages"—and money they borrowed after filing.

■ While we agree that a tax refund owed to a debtor on the date the debtor files a chapter 7 petition is property of the estate, we cannot agree that rule is applicable in this case. Instead, as defined by 11 U.S.C. § 101(5) and(12), when the Debtors filed for bankruptcy, they owed a "debt" to the IRS for 1997 income taxes and the IRS had a "claim" against them and their bankruptcy estate for those taxes. Since they had made no payments on those taxes, though—and certainly had not overpaid them—the converse was not true. The IRS owed no "debt" to them, and they had no "claim" against the IRS for a refund. On the day the Debtors filed for bankruptcy, they had no "legal or equitable interest[ ]" in a 1997 tax refund that could have become property of their estate under § 541(a)(1) because on that date, they had no right to any refund. If the Debtors had been able to have their tax return prepared by April 15, 1998, they would simply have paid the tax they owed and no right to a refund would ever have existed.

Other provisions of the Bankruptcy Code further clarify that the Debtors' tax refund is not property of their bankruptcy estate. Section 541(a)(6) expressly ex-

cludes from property of the estate "earnings from services performed by an individual debtor after the commencement of a case." This exclusion from cases under chapter 7 is reiterated in § 1306, which overrides the exclusion for chapter 13 cases:

> (a) Property of the estate includes, *in addition to the property specified in section 541 of this title—*
>
> . . .
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a)(2) (emphasis added). In nearly identical language, § 1207(a)(2) overrides the exclusion for chapter 12 cases. So a chapter 7 debtor's postpetition earnings clearly are not property of the estate. Nor is there any provision that makes a postpetition loan to a chapter 7 debtor property of the estate. Only § 541(a)(5) and (6) provide for property acquired or produced postpetition to become property of the estate, and neither provision has this effect on a postpetition loan to the debtor.

We have reviewed a number of cases that have decided whether some or all of an income tax refund arising from a debtor's overpayment of his or her liability[2] is property of the estate. We are convinced the cases indicate that the most important factor in making that determination is not whether the tax liability is based, in whole or in part, on the debtor's prepetition earnings, but whether the refund was generated, in whole or in part, by the debtor's prepetition payments. The Tenth Circuit explained in *Barowsky* that: "[T]he pre-petition portion of the refund essentially represents excessive tax withholding which would have been other assets of the bankruptcy estate if the exces-

sive withholdings had not been made." 946 F.2d at 1518. As we have already indicated, the Debtors' postpetition earnings and postpetition loan proceeds were not property of the estate. Consequently, they did not become property of the estate just because the Debtors used them to overpay their prepetition income tax liability.

### III. Conclusion

For these reasons, the bankruptcy court's decision is REVERSED, and the matter is REMANDED for entry of an order directing the Trustee to withdraw the tax refund intercept if the refund has not yet been issued, or to turn the tax refund over to the Debtors if it has been issued to him.

---

2. This situation must be distinguished from a tax refund arising from the federal earned income tax credit, which refunds to qualifying taxpayers money they did not pay to the IRS. *See Baer v. Montgomery (In re Montgomery),* 219 B.R. 913 (10th Cir. BAP 1998).