**In re Eric Andrew KLEINFELDT,
Debtor.**

**Eric Andrew Kleinfeldt and Jae
L. Kleinfeldt, Appellants,**

v.

**R. Michele Russell, Trustee, Appellee.**

**BAP No. WY–02–054.
Bankruptcy No. 01–10292.**

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Dec. 30, 2002.

R. Michele Russell of R. Michele Russell, P.C., Riverton, WY, for Appellee.

Before BOHANON, BOULDEN, and CORNISH, Bankruptcy Judges.

## OPINION

BOHANON, Bankruptcy Judge.

The Appellants appeal an "Order on Motion for Turnover" entered by the Bankruptcy Court for the District of Wyoming. The order denied the Appellants' request that the Trustee be ordered to turnover a portion of the Debtor's 2001 tax refund to Mrs. Kleinfeldt.

The Appellants contend that Mrs. Kleinfeldt, who is a homemaker and is not a co-debtor with her husband, is entitled to half of the tax refund. The Trustee argues that Mrs. Kleinfeldt is not entitled to any part of the tax refund because she had no tax withholdings.

For reasons set forth below, the Court affirms the bankruptcy court's decision.

### I. Standard of Review and Appellate Jurisdiction

Because this appeal involves only a question of law, not questions of fact, the standard of review is *de novo*. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). *See also Monticello Arcade Ltd. P'ship v. Lyall (In re Lyall)*, 191 B.R. 78, 85 (E.D.Va.1996) (applying the *de novo* standard of review).

The Bankruptcy Appellate Panel has jurisdiction over this appeal. Because neither party opted to have this matter heard by the District Court for the District of Wyoming, they have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 158(c)(1).

### II. Background

The facts here are undisputed. Mr. Kleinfeldt is the Debtor in this case. Mr. Kleinfeldt and his non-debtor wife filed their 2001 federal tax return jointly. The Kleinfeldts were entitled to a federal tax refund of $3,233.00. The Trustee intercepted the tax refund and determined that $1,514.64 of it was property of the estate as that portion represented the amount that accrued pre-petition.

On May 15, 2002, the Appellants filed their "Motion to Determine Property of the Estate and for Turnover." They asked the bankruptcy court to order the Trustee to turnover half of the $1,514.64. They argued that Mrs. Kleinfeldt was entitled to half because there would have been no refund had she not filed jointly with her husband. The Trustee opposed their motion, arguing that Mrs. Kleinfeldt was not entitled to any portion of the refund because she had no tax withholdings for 2001.

The bankruptcy court agreed with the Trustee and denied the Appellants' motion.

### III. Discussion

The issue is whether a non-debtor spouse who had no tax withholdings for the year in question, who is a homemaker, and who filed joint tax returns with a debtor is entitled to receive half of the tax refund. We conclude that the non-debtor spouse is not entitled to any portion of the tax refund.

Three approaches have developed concerning this dilemma. *See Lyall*, 191 B.R. at 85 (listing the three approaches). The majority approach, and the one adopted herein, holds that the non-debtor spouse who had no tax withholdings for the year in question is not entitled to any portion of a joint tax refund. A non-debtor spouse is only entitled to keep the portion of the tax refund attributable to her tax withholdings. *See id.*

A second approach divides the tax refund between the debtor and non-debtor spouses based on each's income. *See In re Kestner*, 9 B.R. 334 (Bankr.E.D.Va.1981). The third approach, and the one advocated by the Appellants, splits the tax refund

equally between the spouses regardless of tax withholdings or income. *See Loevy v. Aldrich (In re Aldrich),* 250 B.R. 907, 913 (Bankr.W.D.Tenn.2000).

### A. *General Principles of Law*

We start with the principle that filing a petition to commence a bankruptcy case creates an estate which is made up of "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). An income tax refund can be considered property of the bankruptcy estate. *See Segal v. Rochelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). *Cf. Christie v. Royal (In re Christie),* 233 B.R. 110, 113 (10th Cir. BAP 1999) ("We are convinced the cases indicate that the most important factor in making that determination [of whether a tax refund is property of the estate] is not whether the tax liability is based, in whole or in part, on the debtor's prepetition earnings, but whether the refund was generated, in whole or in part, by the debtor's prepetition payments.").

A tax refund essentially represents a repayment by the government to the taxpayer of an overpayment made by the taxpayer. The Oxford English Dictionary defines the noun "refund" as "repayment." *See Oxford English Dictionary* (2d ed.1989), http://dictionary.oed.com. It goes on to define the verb "refund" as, "To make return or restitution of (a sum received or taken); to hand back, repay, restore." *Id.* (definition 2). *See also Dye v. United States,* 121 F.3d 1399, 1407 (10th Cir.1997) (stating that it has long been settled that the ultimate question presented for decision when a claim for a refund is made is whether the taxpayer has overpaid his tax) (citing *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293, *modified,* 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932)). A refund then suggests that some payment or withholding must have been made by the recipient of the refund in the first place.

■ Furthermore, filing a joint tax return does not convert the income of one spouse into income of another spouse. *See Callaway v. Comm'r of Internal Revenue,* 231 F.3d 106, 117 (2nd Cir.2000). Likewise, "[a] joint return does not itself create equal property interests for each party in a refund. Spouses who file a joint return have separate interests in any overpayment, the interest of each depending upon his or her relative contribution to the overpaid tax." *United States v. Elam,* 112 F.3d 1036, 1038 (9th Cir.1997).

### B. *Majority Approach*

The majority approach holds that a non-debtor spouse who has had no tax withholdings for the year in question is not entitled to any of a joint tax refund. In *In re Gleason,* 193 B.R. 387 (Bankr.D.N.H. 1996), the non-debtor spouse was employed but had no tax withholdings. The non-debtor spouse had operated a business for which the couple took a business loss deduction. She argued that there would have not been any tax refund without her business loss deduction; consequently, she contended she was entitled to a portion of the couple's tax refund. The bankruptcy court disagreed and stated:

> In the instant case, it is agreed that the non-debtor spouse neither withheld nor paid estimated taxes. Thus, all of the money withheld and consequently all of the refund originated from monies actually paid by the Debtor from property of the Debtor.
>
> It seems incongruous at best to find that the non-debtor spouse is entitled to a cash refund having paid no taxes. Indeed, had the non-debtor spouse filed a separate tax return, having paid no taxes, she would not receive a cash refund but would only be able to carry forward

the business losses against future income. If there were no future income, the losses would never be utilized and the non-debtor spouse would never be entitled to a cash refund.

This Court finds that the Debtor has paid all of the withholding out of his property and, thus, the refund is his property and property of this bankruptcy estate. Consequently, the Court grants the Trustee's motion and orders the Debtor to turn over to the Trustee the sum of $2,631, the amount of the 1994 tax refund.

*Id.* at 389.

### C. *Minority Approach*

The Appellants argue that we should follow the minority approach. This approach was discussed thoroughly in *In re Aldrich. See Aldrich,* 250 B.R. at 911–12. In that case, the non-debtor wife argued she was entitled to half of the couple's joint tax refund because she furnished valuable, non-monetary services as a homemaker.[1] *See id.* at 909. The bankruptcy court agreed and wrote:

Moreover, it could be said that to hold otherwise would be demeaning and insulting to deserving homemakers, even though the non-filing spouse-homemaker had no taxable income during the taxable year in question.

Finally, this court is further persuaded by the fact that it seems inconsistent and fundamentally unfair under these circumstances that a nonfiling spouse is jointly responsible and liable for a joint federal income tax deficiency yet, ipso facto, prevented from reaping any portion of the deserved, good fortune of a tax refund.

*Id.* at 912.

### D. *Analysis*

We are convinced that the majority approach is the better-reasoned one. Here, the tax refund was generated only from the tax withholdings of the Debtor. Mrs. Kleinfeldt had no income and therefore had no tax withholdings. Thus, the repayment of tax withholdings by virtue of a tax refund, even though made payable to both Appellants, is property of the Debtor and consequently property of the estate.[2] *See, e.g., Kemp v. United States,* 131 F.R.D. 212, 213 (N.D.Ga.1990) ("[B]etween spouses 'an overpayment is apportionable to the extent that he or she contributed to the overpaid tax' ") (quoting *Gens v. United States,* 230 Ct.Cl. 42, 673 F.2d 366, 368 (1982)).

We reject Mrs. Kleinfeldt's argument that she is entitled to half the tax refund simply because there would have been no

---

1. A similar contention was rejected by this Court in *Zubrod v. Kelsey (In re Kelsey),* 270 B.R. 776, 781 (10th Cir. BAP 2001). In that case, the trustee sought under 11 U.S.C. § 548 to avoid a transfer of funds by the debtor to his wife. The wife argued that her agreement to forego employment and to provide her services as a homemaker constituted reasonably equivalent value for the transfer of funds from her husband to her. The Court rejected this argument because such value must be quantifiable under the applicable case law. *See id.*

2. We note that the bankruptcy court states without cited authority that a tax refund un-

der Wyoming law is held as a tenancy in common. Presumably, this conclusion is based on (1) the fact that tenancy by the entireties is now disfavored in Wyoming and (2) that the bankruptcy court's decision implicitly found that the requirements for establishing tenancy by the entireties were not established. *See generally In re Anselmi,* 52 B.R. 479 (Bankr.D.Wyo.1985)(discussing Wyoming case law relating to tenancy by the entireties). Here, we do not consider this issue because it is not raised or briefed by the parties and because it is not central to our determination.

tax refund if she had not jointly filed with her husband. The Appellants filed jointly, presumably to benefit from perceived tax advantages. However, this did nothing to alter the fact that the overpayment of tax withholdings which ultimately resulted in a tax refund clearly came from the Debtor. In other words, "[t]he conclusion has been that the mere signing of a joint husband and wife tax return by the spouse with no income was for the purpose of taking advantage of perceived tax advantages; and, that there was no metamorphosis effected thereby converting the nature of the fund into the property of the other party." *In re Smith,* 5 B.R. 227, 228 (Bankr.S.D.Ohio 1980).

## IV.  *Conclusion*

Accordingly, we hereby AFFIRM the bankruptcy court's decision.