**In re Genevieve Muran CROWSON, also known as Genevieve Muran Burgess, Debtor.**

**Genevieve Muran Crowson, Appellant,**

v.

**Tracy L. Zubrod, Trustee, Appellee.**

**BAP No. WY–09–067.**
**Bankruptcy No. 09–20032.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

May 26, 2010.

Janet L. Tyler, Laramie, Wyoming, for Appellant.

Paul Hunter, Cheyenne, Wyoming, for Appellee.

Before CORNISH, Chief Judge, NUGENT, and RASURE, Bankruptcy Judges.

NUGENT, Bankruptcy Judge.

This case presents the vexing question of how bankruptcy courts address the division of income tax refunds between debtors and their non-debtor spouses. Determining how much of a refund is property of the debtor's estate requires us to navigate the treacherous intersection of the laws of property, taxation, and bankruptcy with only algebra and IRS rulings to guide us. Debtor Genevieve Muran Crowson ("Debtor") appeals the bankruptcy court's order finding that all of a 2008 joint federal tax refund was property of her bankruptcy estate. The Chapter 7 trustee, Appellee Tracy L. Zubrod ("Trustee"), sought an order requiring Debtor to turn over all of her joint income tax refund. The Trustee asserts that because only Debtor had wage withholding, the entire refund belongs to the estate. Relying on our decision *In re Kleinfeldt*,[1] the bankruptcy court agreed with the Trustee. We conclude that the holding in *Kleinfeldt* is very narrow in that it addresses a situation where only one spouse has income, the joint refund is comprised of only one spouse's withheld wages, and no refundable tax credits or other types of overpayments had to be allocated between the spouses, and therefore is not applicable to the facts in this case. We therefore must reverse and remand this matter for further proceedings.

## I. Appellate Jurisdiction and Standard of Review

We have jurisdiction over this appeal. Appellant timely filed her notice of appeal from the bankruptcy court's final order, and the parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the Dis-

---

1. 287 B.R. 291 (10th Cir. BAP 2002).

trict of Wyoming.[2]

We review the bankruptcy court's order *de novo* because there are no factual disputes and this appeal involves only a question of law.[3]

## II. Factual Background

Debtor filed an individual Chapter 7 petition on January 21, 2009. After the petition date, Debtor and her husband, Matthew Crowson, filed a joint federal income tax return for the 2008 tax year and claimed as dependents his two children by a previous marriage and their marital child.[4] Debtor's wages were $7,934.73, and Mr. Crowson's wages were $10,061.88.[5] Debtor also had income of $2,932.02 from early distributions of two retirement accounts.[6] After subtracting all applicable deductions and exemptions, the Crowsons had no taxable income. However, they did incur an "additional tax on IRAs, other qualified retirement plans, etc." in the amount of $293.00.[7]

Mr. Crowson had no income taxes withheld from his wages. Debtor had a total of $782.47 of federal income taxes withheld$285.52 from her wages and $496.95 from her retirement distributions.[8] The Crowsons claimed an earned income credit of $3901.00 and an additional child tax credit of $1,425.00. They also claimed a

$300.00 recovery rebate credit. The total of withholding, the earned income credit, the additional child tax credit, and the recovery rebate credit was $6,409.00, which, after subtracting the tax liability of $293.00, resulted in a joint refund of $6,116.00.[9]

In response to the Trustee's demand that she turn over the Crowsons' entire tax refund, Debtor filed a motion to determine what portion of the joint tax refund is property of the estate. The bankruptcy court concluded that "the entire tax refund is property of the bankruptcy estate based upon the 100 percent withholding attributable to [Debtor]." In so holding, the bankruptcy court relied on our prior decision in *Kleinfeldt*, where we held that where a refund was generated solely from withholding of the debtor's wages, the entire refund was property of the estate and the non-filing spouse had no interest in the refund. Debtor appeals.

## III. Discussion

### A. *Property of the Estate*

■ Although Debtor filed a Motion to Determine Amount of Joint Tax Refund Which is Property of the Estate, she did so in response to the Trustee's demand for

---

**2.** 28 U.S.C. § 158(b); Fed. R. Bankr.P. 8001(e); Fed. R. Bankr.P. 8002(a).

**3.** *See In re Rafter Seven Ranches L.P.*, 414 B.R. 722, 731 (10th Cir. BAP 2009) (citing *In re Parsons*, 280 F.3d 1185, 1188 (8th Cir. 2002)) (determination of whether property is included in the bankruptcy state under § 541 is a question of law reviewed *de novo*); *Baer v. Montgomery (In re Montgomery)*, 219 B.R. 913 (10th BAP 1998), *aff'd*, 224 F.3d 1193 (10th Cir.2000) (whether earned income credits are property included in the bankruptcy estate is a question of law).

**4.** Debtor did not include a copy of the Crowsons' 2008 tax return in the appendix, but it

was designated as part of the record on appeal.

**5.** Crowsons' 2008 Form 1040, W–2s.

**6.** *Id.*, 1099–Rs.

**7.** The "additional tax" is a 10% penalty imposed on remature distributions from retirement plans and accounts. *See* 26 U.S.C. § 72(t).

**8.** Debtor's W–2 and 1099–Rs.

**9.** Form 1040, lines 71 and 72.

turnover of the entire refund.[10] Therefore, we view this dispute as a motion for turnover. A trustee has the burden in turnover proceedings to prove by a preponderance of the evidence that the property sought is in fact property of the bankruptcy estate and that the debtor has possession of it.[11]

█ The property of a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case" wherever located and by whomever held.[12] "For purposes of most bankruptcy proceedings, property interests are created and defined by state law. Once that state law determination is made, however, we must still look to federal bankruptcy law to resolve the extent to which that interest is property of the estate." [13]

█ Wyoming is not a community property state. We found no Wyoming statute or case law that purports to allo-

cate tax refunds acquired by a married couple during their marriage. While some bankruptcy courts look to state marital dissolution law for guidance in dividing a joint tax refund, we conclude that reliance on domestic relations law is unwarranted because the policy underlying such law is inconsistent with the policy underlying bankruptcy law.[14] In Wyoming, laws of marital dissolution require a just and equitable division of property between spouses based upon the means and needs of each.[15] In bankruptcy, the court is concerned with whether the debtor has a property interest that is available for distribution to creditors, not whether a non-debtor spouse might have a greater need for the debtor's property. Moreover, laws regarding the equitable distribution of marital property do not purport to establish property rights in separate property acquired during marriage, and the equitable division concept does not arise until the parties seek a divorce.[16]

---

**10.** Case No. 09–20032, Dkt. 17. The Trustee filed a Response, Dkt. 19. Neither the motion nor the response were made part of the Appendix.

**11.** *In re Spencer*, 362 B.R. 489, 490 (Bankr. D.Kan.2006).

**12.** 11 U.S.C. § 541(a)(1).

**13.** *Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1197 (10th Cir.2002) (Citations and internal quotation marks omitted).

**14.** *See, e.g., In re Marciano*, 372 B.R. 211, 214 (Bankr.S.D.N.Y.2007); *In re Innis*, 331 B.R. 784 (Bankr.C.D.Ill.2005); *Loevy v. Aldrich (In re Aldrich)*, 250 B.R. 907, 911 (Bankr. W.D.Tenn.2000). *Contra In re Carlson*, 394 B.R. 491 (8th Cir. BAP 2008).

**15.** Under Wyoming divorce law,
[T]he court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was ac-

quired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.
Wyo. Stat. Ann. § 20–2–114.

**16.** Section 20–1–201 of the Wyoming Statutes provides that "[a]ll property belonging to a married person as his separate property which he owns at the time of his marriage or which during marriage he acquires in good faith from any person by descent or otherwise ... is during marriage his sole and separate property under his sole control and may be held, owned, possessed and enjoyed by him the same as though he were single." Wyo. Stat. Ann. § 20–1–201. Section 20–1–202 provides that "[a]ny married person may transfer his separate property in the same manner and to the same extent as if he were unmarried...." Wyo. Stat. Ann. § 20–1–

Further, in *Kleinfeldt*, a case emanating from Wyoming, we held that filing a joint tax return did not convey equal property interests in any joint refund to each spouse.[17] While a joint refund must somehow be allocated between a debtor and a non-debtor spouse, Wyoming law does not provide any guidance.

The Tenth Circuit Court of Appeals has not spoken on the division of income tax refunds between debtors and their non-debtor spouses. In *Kleinfeldt*, this court held that a joint tax refund that consisted solely of a return of the debtor's wage withholdings was property of the debtor, and thus was property of the estate.[18] In this case, the bankruptcy court applied *Kleinfeldt* to hold that the entire refund should be allocated to Debtor's estate because only she had wage withholding, even though much of the Crowsons' joint refund was generated by other refundable overpayments. We conclude that *Kleinfeldt* is limited to its specific facts,[19] and does not

provide any guidance for dividing the joint refund in this case.

The Crowsons' tax refund arose not only from Debtor's withholding, but also from three tax credits that generated refundable overpayments: the earned income credit, the additional child tax credit, and the recovery rebate credit. Section 6401 of the Internal Revenue Code ("IRC") treats these credits as payments.[20] Even when a taxpayer has no tax liability, these credits may constitute overpayments.[21] These overpayments may be refunded by the IRS to "the person who made the overpayment" under IRC § 6402.[22]

## B. *Allocating Overpayments Generally*

▉▉▉▉ The Internal Revenue Service ("IRS") has prescribed in its manual ("IRM") and in revenue rulings methods for allocating overpayments between taxpayers who file joint returns.[23] While courts are not bound either by the IRM or by revenue rulings of the IRS, Tenth Cir-

202(a). In *Nielson v. Thompson*, 982 P.2d 709, 711–12 (Wyo.1999), the Wyoming Supreme Court explained that only when a divorce petition is filed does a spouse obtain a type of property right in the separate property of the other spouse, and that property interest is an "inchoate" interest in all property of both spouses, subject to the entry of a decree dividing the property under the equitable distribution scheme of Wyoming's divorce laws. This interest is not an ownership interest, but rather a "right to have the assets included in the martial estate which the court will divide." *Id.* at 712.

17. *Kleinfeldt*, 287 B.R. 291, 294–95 (10th Cir. BAP 2002).

18. *Id.* at 294.

19. In *Kleinfeldt*, the debtor spouse earned all the income declared on a joint tax return and contributed all the withholding that was refunded as overpayments. The trustee alleged that the refund was property of the debtor's estate, but the non-debtor spouse claimed that half of the refund should be returned to her,

even though she did not contribute to the payments that were refunded. This Court held that because the debtor contributed all the payments (through withholding) that were refunded, he was entitled to the entire refund, and thus the refund was property of the estate. *Id.* at 293.

However, in many cases, both spouses earn income, both spouses have wages withheld for payment of taxes, and refundable tax credits and rebates may be claimed. Thus, as explained herein, we apply the formula used by the IRS when it is required to divide a joint refund between spouses.

20. *See* 26 U.S.C. § 6401(b)(1); 26 C.F.R. § 301.6401–1.

21. 26 U.S.C. § 6401(c).

22. 26 U.S.C. § 6402(a).

23. *See* IRM § 21.4.6.5, *Refund Offset Procedures;* Rev. Rul. 80–7, 1980–1 C.B. 296; and Rev. Rul. 87–52, 1987–1 C.B. 347.

cuit authority grants revenue rulings deference.[24] We found several revenue rulings that are helpful because they are used by the IRS to determine what portion of a joint refund may be retained by the IRS and applied against a separate obligation of one spouse. The IRS may apply or offset a portion of the joint overpayment against one spouse's separate prior year federal tax liability, state income tax liability, child or spousal support, and even a federal nontax debt, such as a student loan.[25] However, the portion of the overpayment attributable to an "injured spouse" (i.e., the spouse not legally obligated to pay the outstanding liability) must be refunded to that spouse. These rulings provide some guidance in determining how tax overpayments should be allocated between debtors and their non-filing spouses in this and other bankruptcy cases.

In Revenue Ruling 74–611, the IRS ruled that when a husband and wife file a joint return, each spouse has a separate interest in the jointly reported income and a separate interest in any overpayment.[26] Revenue Ruling 80–7 applies those principles in the context of determining what portion of a married couple's current-year joint income tax refund the IRS may retain and offset against one spouse's prior-year individual tax liability. In creating a formula for determining each spouse's rights in a joint refund for the purposes of

offset, the IRS borrowed its previously established method of determining a decedent's separate tax liability (or refund) generated by a joint return with the surviving spouse.[27] This Court is therefore of the opinion that allocating tax liability and credits between a decedent's estate and the surviving spouse, or between spouses for the purpose of offsetting only one spouse's refund against a prior liability, is analogous to allocating the tax liabilities and refunds between a bankruptcy estate and a non-filing spouse.

■■■■ We start the analysis by reviewing the joint tax return. Generally, a refund is calculated on a joint tax return by adding together the parties' "total payments"—these may include not only taxes withheld, estimated tax payments, and other out-of-pocket payments, but also credits such as the earned income credit, the additional child tax credit, and rebate credits—and then subtracting the joint tax liability. The first step in allocating a joint refund between spouses is determining each spouse's contribution to the "total payments."[28] This is done by calculating each spouse's contribution to each type of payment (i.e., withholding, earned income credit, etc.), as more fully explained below, and then adding those contributions together to arrive at a total contribution figure for each spouse. When both spouses' contributions are added together, the

24. See IHC Health Plans, Inc. v. Comm'r, 325 F.3d 1188, 1194, n. 11 (10th Cir.2003) ("Although we are not bound by IRS regulations or revenue rulings, we do accord them deference."). See also United States v. Mead Corp., 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (An agency manual is generally entitled only to whatever deference is due based on its persuasiveness.); Gray v. United States, 553 F.3d 410, 413 n. 1 (5th Cir.2008).

25. See 26 U.S.C. § 6402(c)-(e); Instructions to IRS Form 8379, Injured Spouse Allocation.

26. Rev. Rul. 74–611, 1974–2 C.B. 399.

27. Id. (citing 26 C.F.R. § 20.2053–6(f)).

28. Revenue Ruling 80–7 makes it clear that the earned income credit and other refundable credits may comprise part of a spouse's contribution for purposes of determining an individual's share of a joint overpayment. Revenue Ruling 80–7 did not involve any refundable credits, but the IRS addressed how to calculate each spouse's contribution to the earned income credit in Revenue Ruling 87–52, which we also discuss herein.

sum should equal the amount in the "total payments" line on the joint tax return.

■■■ To determine to what extent each spouse's contribution should be applied against the joint tax liability, each spouse must calculate what tax liability he or she would have incurred on his or her separate income. This is done by calculating each spouse's hypothetical "married filing separately" (MFS) tax liability. Then, one party's MFS liability is divided by the sum of both parties' MFS liabilities to create a percentage of the joint tax liability that is allocated to that party. For instance:

$$\frac{\text{A's MFS liab}}{\text{A's MFS liab + B's MFS liab}} \times \begin{array}{c} \text{actual joint liability} \\ \text{(from joint return)} \end{array} = \begin{array}{c} \text{A's share of} \\ \text{joint tax liability} \end{array}$$

That party's share of the joint tax liability is then subtracted from the sum of all of his or her contributions to the "total payments," resulting in a figure representing that party's share of the joint refund.

### C. Calculating each spouse's contributions to "total payments"

#### 1. Withholding contributions

Withholding-based payments are deemed contributions by the spouse whose income was withheld.[29] In this case, Debtor had $783.00 withheld from her wages and retirement distributions, and Mr. Crowson had no withholding.

### 2. Contribution to the Earned Income Credit

■■■ The earned income credit ("EIC") is available to taxpayers who meet various requirements under the IRC.[30] The EIC is intended to offset the burden on lower income earners of payroll deductions for social security and Medicare.[31] Primarily, the EIC benefits low-income married couples and heads of households with qualifying dependent children.[32] The amount of a taxpayer's EIC is based on the amount of the taxpayer's earned income and the number of qualifying children the taxpayer can claim.[33]

**29.** Revenue Ruling 80–7 further provides that joint estimated tax payments are allocated as contributions to the spouses based on hypothetical separate proportional tax liabilities calculated as if they had each elected "married filing separate" status under 26 U.S.C. § 1(d). This case does not involve estimated tax payments, but should another case with a non-debtor spouse involve such facts, Revenue Ruling 80–7 would provide the proper allocation method to apply.

**30.** 26 U.S.C. § 32.

**31.** "The Earned Income Tax Credit or the EITC is a refundable federal income tax credit for low to moderate income working individuals and families. Congress originally approved the tax credit legislation in 1975 in part to offset the burden of social security taxes and to provide an incentive to work. When EITC exceeds the amount of taxes owed, it results in a tax refund to those who

claim and qualify for the credit." http://www.irs.gov/individuals/article/0,,id=96406,00.html, May 25, 2010. Printed copies of this, and all other webpages cited herein, are provided as an attachment located at the end of this decision. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the Opinion of the Court.

**32.** See 26 U.S.C. § 32(c)(3) for the definition of a qualifying child.

**33.** See 26 U.S.C. § 32(b) for percentages and amount based on number of qualifying children and § 32(c)(2) for the definition of earned income.

In Revenue Ruling 87–52, which amplifies Revenue Ruling 80–7, the IRS directed that each spouse's contribution to the "payment" represented by the EIC is determined by calculating the amount of EIC each spouse would theoretically be entitled to claim as a "payment" if he or she filed a separate return. This is a hypothetical calculation because, generally speaking, married spouses must file joint tax returns to receive the credit.[34]

The formula for determining a spouse's contribution to the EIC "payment" is as follows:

$$\frac{\text{A's hypo separate EIC}}{\text{A's hypo sep EIC + B's hypo sep EIC}} \times \begin{array}{c}\text{actual EIC}\\\text{(from return)}\end{array} = \begin{array}{c}\text{A's contribution}\\\text{to actual EIC}\end{array}$$

■■■ The first step in allocating how much each spouse contributed to the actual EIC is to determine what each spouse's EIC would be if he or she filed a return reflecting only his or her income, and to use the EIC tables and the same number of qualifying dependents used in computing the EIC on the joint return.[35] In this case, the actual EIC claimed by the Crowsons is $3,901.00. Using the earned income information on the Crowsons' tax return and the tool provided by the IRS on its website[36] or the EIC tables published by the IRS, Debtor's and Mr. Crowson's hypothetical separate EIC's, and thus, each spouse's contribution to the actual EIC, can be determined.

Debtor's earned income was $7,935.00.[37] In 2008, a taxpayer could claim up to two children for the purpose of calculating EIC and the Crowsons did claim two children, so Debtor would claim two dependents in calculating her hypothetical separate EIC.[38] From the 2008 EIC table or the IRS online tool, a person such as Debtor, with earned income of $7,900–$7,950, who was "married filing jointly" and had two or more qualifying children, is entitled to claim an EIC in the amount of $3,170.00.

The Crowsons' tax return shows that Mr. Crowson had earned income of $10,062.00.[39] Again, from the 2008 EIC table or the IRS online tool, a person such as Mr. Crowson, with earned income of $10,050–$10,100, who was "married filing jointly" and had two or more qualifying children, is entitled to an EIC in the amount of $4,030.00.

The next step in the calculation is to use the spouses' hypothetical separate EICs to calculate their "contributions" to the actual joint EIC of $3,901.00. As shown in the formula above, this is done by dividing each spouse's hypothetical separate EIC by the spouses' combined hypothetical separate EICs and multiplying the actual joint EIC by that resulting fraction. In this case, the formula produces the Debt-

---

34. 26 U.S.C. § 32(d).

35. *See* Rev. Rul. 87–52, 1987–1 C.B. 347. *See also* IRM § 21.4.6.5.11.2(4) ("Compute each spouse's separate EITC ... based on each individual's earned income, using the same number of qualifying dependents used to compute the EITC on the joint return.").

36. IRS's website is found at www.irs.gov. The "EITC Assistant" provides a step by step guide for calculating EIC for each of the prior three years. The EITC Assistant for 2008 is found at http://apps.irs.gov/app/eitc2008/Set Language.do?lang=en.

37. *See* Debtor's W–2. Debtor's retirement distributions are not considered "earned income" for this purpose.

38. In 2009, up to three qualifying children could be claimed, which increases the amount of EIC available to families with three or more children.

39. *See* Mr. Crowson's W–2.

or's contribution to the actual joint EIC as follows:

$$\frac{\$3,170}{\$3,170 + \$4,030} = \frac{\$3,170}{\$7,200} = .440278 \times \$3,901 = \$1,717.52$$

Mr. Crowson's contribution to the actual joint EIC is .559722[40] × $3,901, or $2,183.48.

### 3. Contributions to the Additional Child Tax Credit

■ The Additional Child Tax Credit ("ACTC") is a refundable credit for taxpayers who do not benefit from the full amount of the regular child tax credit.[41] Generally speaking, it is available to lower income taxpayers with earned income, and is in addition to the EIC. Like the EIC, the amount of the ACTC varies with the size of the taxpayer's family and the amount of the taxpayer's earned income.[42]

■ There is no revenue ruling that explains how to determine each spouse's contribution to the ACTC. We see no reason why the ratio used to determine contributions to the EIC could not be used to determine the parties' relative contributions to the ACTC.[43]

Accordingly, in this case, the parties' joint return reflects a "payment" of $1,425 on account of the ACTC. Debtor's contribution to that "payment" is .440278 × $1,425, or $627.40, and Mr. Crowson's contribution is .559722 × $1,425, or $797.60.

### 4. Contributions to the Rebate Recovery Credit

■ "The recovery rebate credit is a one-time benefit for people who did not receive the full economic stimulus payment

**40.**

$$\frac{\$4,030}{\$3,170 + \$4,030} = \frac{\$4,030}{\$7,200} = .559722$$

**41.** *IRS Publication 972, Child Tax Credit* at 3. For most people, the child tax credit is not refundable—it can only reduce a taxpayer's liability to zero. The ACTC is not technically an additional credit, but rather a provision that makes part of the regular child tax credit refundable. This is because when a taxpayer's income is so low that various deductions and personal and dependency exemptions significantly reduce a taxpayer's taxable income, and therefore, tax liability, he or she is not able to use the entire amount of the regular child tax credit. *See* 26 U.S.C. § 24(d).

**42.** The ACTC is available only if a taxpayer's tax liability is less than the total available child tax credit *(i.e.,* $1,000 per qualifying child), and is then allowed in an amount that is the lesser of the remaining child tax credit available to the taxpayer or the greater of (a) 15% of the amount by which the taxpayer's earned income exceeds a certain sum, or, (b) in the case of a taxpayer with three or more children, the excess, if any, of the taxpayer's social security taxes for the taxable year over the earned income credit for the taxable year. 26 U.S.C. § 24(d).

**43.** *But see Instructions to IRS Form 8379.* IRS Form 8379 is filed by an "injured spouse" seeking to get back his or her share of a joint refund which was or is expected to be applied to a past due obligation of the other spouse. The instructions to Form 8379 direct that "[t]o properly determine the amount of tax owed and overpayment due to each spouse, an allocation must be made as if each spouse filed a separate tax return instead of a joint tax return." *Instructions to Form 8379* at 3, Part III. It goes on to direct that the ACTC be allocated to the spouse who was allocated the qualifying child's exemption. *Id. at 4*, Line 17.

Although the method used by the IRS to divide the ACTC is different than the method used for calculating contributions to the EIC, we believe that applying the EIC contribution ratio is less complicated and burdensome, and is fair in this case.

[in 2008] and whose circumstances may have changed, making them eligible for some or all of the unpaid portion."[44] Thus, the RRC is related to the amount of the stimulus payment Debtor and her husband received in 2008.[45] To be eligible for a stimulus payment, a person must have a valid social security number, cannot be claimed as a dependent on a tax return, and have either an income tax liability or "qualifying income" of at least $3,000.00.[46] The minimum stimulus payment was $300.00 for a single person or $600.00 for a married couple filing jointly. Eligible taxpayers also received an additional $300.00 for each qualifying child.

■ No revenue ruling addresses a means of calculating contributions to "payments" based on this credit, but, as with the ACTC, we believe that applying the EIC ratio to the rebate is fair in this case. Thus, Debtor's contribution to the "payment" represented by the RRC is .440278 × $300, or $132.08, and Mr. Crowson's contribution is .559722 × $300, or $167.92.

#### 5. The parties' respective contributions to "total payments"

The Crowsons' joint tax return reflects "total payments" to the IRS of $6,409.00. Debtor's and Mr. Crowson's respective contributions to that figure are calculated as the sum of their contributions to each type of payment, as follows:

|  | Debtor | Mr. Crowson |
|---|---|---|
| Withholding | $ 783.00 | 0.00 |
| EIC | $1,717.52 | $2,183.48 |
| ACTC | $ 627.40 | $ 797.60 |
| RRC | $ 132.08 | $ 167.92 |
| Total contributions: | $3,260.00 | $3,149.00 |

#### D. Application of contributions against the joint tax liability

To determine to what extent each spouse's contribution to payments should be applied against the joint tax liability, each spouse must calculate what tax liability he or she would have incurred on his or her separate income. As stated above, this is done by calculating each spouse's hypothetical "married filing separately" (MFS) tax liability. Then, one party's MFS liability is divided by the sum of both parties' MFS liabilities to create a percentage of the joint tax liability that is allocated to that party. For instance:

$$\frac{\text{A's MFS liab}}{\text{A's MFS liab + B's MFS liab}} \times \begin{array}{c}\text{actual joint liability} \\ \text{(from joint return)}\end{array} = \begin{array}{c}\text{A's share of} \\ \text{joint tax liability}\end{array}$$

That party's share of the joint tax liability is then subtracted from the sum of all of his or her contributions to the "total payments," resulting in a figure representing that party's share of the joint refund.

■ In this case, we need not perform this calculation because the Crowsons' tax return indicates that the joint tax liability of $293.00 is attributable solely to the penalty incurred by Debtor's premature

---

44. http://www.IRS.gov, *Recovery Rebate Credit Information Center*, http://www.irs.gov/newsroom/article/0,, id=186065,00.html. The Crowsons may be entitled to a $300 RRC because they gained an additional qualifying child in 2008. *See Trial Transcript* at 13, *l.* 13, *in* Appellant's Appendix at 19 (marital child was born on February 10, 2008).

45. The amount of the Crowsons' 2008 stimulus payment was not provided to us.

46. http://www.IRS.gov, *Basic Information on the Stimulus Payments*, http://www.irs.gov/newsroom/article/0,, id=179211,00.html. The stimulus payment phases out at certain income levels. We need not go into detail about the phase-out since the Crowsons' adjusted gross income does not exceed the threshold. *Id., Phase Out of the Stimulus Payment*, http://www.irs.gov/newsroom/article/0,, id=179214,00.html.

withdrawal of her retirement funds.[47] Debtor's share of the joint tax liability is therefore 100 percent, and her husband's share is zero. Thus, the joint tax liability of $293.00 should be subtracted from the sum of Debtor's contributions to the "total payments."

The sum of Debtor's contributions to "total payments" ($3,260.00) less Debtor's share of the joint tax liability ($293.00) is $2,967.00. Thus, $2,967.00 of the joint refund is allocable to Debtor and is property of the estate. Mr. Crowson contributed $3,149.00 to the "total payments" and his share of the joint liability is zero. Thus, $3,149.00 of the joint refund is allocable to Mr. Crowson and should be returned to him.

## IV. Conclusion

We caution that these rules will not apply in all cases. For example, the division of a joint tax refund might be different in community property states.[48] In addition, in some jurisdictions, exemption laws may be invoked to exclude some or all of the contested tax refund from the estate.[49]

Ultimately, it falls to the parties to present evidence of these calculations when bearing their respective burdens of persuasion. We are not unsympathetic to the Trustee's concern that applying sophisticated calculations to determine the ratable shares of tax refunds may be more cumbersome than simply determining which spouse had wage withholding and allocating the refund accordingly. But, simplicity cannot come at the expense of the debtor's non-filing spouse. He should be permitted to benefit from those tax credits to which he contributed. The IRS's methods of allocation described in this opinion further that end. Whether a trustee should undertake this analysis should, like any other business decision a trustee makes, be decided case-by-case in the prudent exercise of his or her business judgment in the context of the economies of the particular matter. Whether a debtor or a non-filing spouse should incur the expense of mounting a defense to such an effort will be based upon the same reasoning. A disputed $500.00 refund may not merit the effort, but a $5,000.00 refund might. In any event, the principles underlying the IRS's allocation of overpayments, including refundable credits, which are purely creatures of federal tax law, provide valuable guidance that hopefully will assist trustees and debtors in negotiating an equitable division of a refund between the estate and a non-filing spouse.

We therefore REVERSE AND REMAND this matter to the bankruptcy court to enter a judgment consistent with the conclusions set forth herein.

---

47. *See* Crowsons' Form 1040, line 59, 61 and Form 5329 attached thereto.

48. *See, e.g.,* Rev. Rul.2004–73, 2004–2 C.B. 80 (offsetting joint overpayment against spouse's separate tax liability is subject to New Mexico community property laws wherein each spouse has an undivided 50% interest in all community property).

49. *See, e.g.,* 31 Okla. Stat. Ann. § 1(A)(23) ("[a]ny amount received pursuant to the federal earned income tax credit" is exempt property in Oklahoma); Colo.Rev.Stat. Ann. § 13–54–102(1)(*o*) ("[t]he full amount of any federal or state income tax refund attributed to an earned income tax credit or child tax credit" is exempt).

**EITC Home Page--It's easier than ever to find out if you qualify for EITC**

The Earned Income Tax Credit or the EITC is a refundable federal income tax credit for low to moderate income working individuals and families. Congress originally approved the tax credit legislation in 1975 in part to offset the burden of social security taxes and to provide an incentive to work. When EITC exceeds the amount of taxes owed, it results in a tax refund to those who claim and qualify for the credit.

To qualify, taxpayers must meet certain requirements and file a tax return, even if they do not have a filing requirement.

**Will you qualify for EITC this year?**

Find out if you are eligible for the Earned Income Tax Credit by answering questions and providing basic income information using the EITC Assistant. The Assistant also calculates the amount of EITC you may receive. The EITC Assistant is available in English and Spanish.

**Basic Rules for the Earned Income Tax Credit**

To qualify for Earned Income Tax Credit or EITC or simply called EIC, you must have earned income from employment, self-employment or another source and meet certain rules. In addition, you either must meet the additional rules for Workers without a Qualifying Child or have a child that meets all the Qualifying Child Rules for you ...

EITC Income Limits, Maximum Credit Amounts and Tax Law Updates

Find EITC income limits, credit amounts and changes to tax law for this year, previous years and the upcoming year

...

Special EITC rules for members of the military, ministers, members of the clergy, those receiving disability benefits and those impacted by disasters

Childless Workers

EITC is not just for families with children. You do not have to have a child to qualify for EITC, however, you must meet certain rules. Find out more about claiming EITC if you do not have a qualifying child

**Don't overlook the state credit**

If you qualify to claim EITC on your federal income tax return, you also may be eligible for a similar credit on your state or local income tax return. Twenty two states, the District of Columbia, New York City, and Montgomery County, Maryland, offer their residents an earned income tax credit. For more information on a state-wide EITC.

**What's Hot!**

...additional information on topics related to EITC (you leave IRS.gov web site).

**Additional EITC Resources**

- EITC Central hosts the Partner Toolkit, the Tax Return Preparer Toolkit, Marketing Express and Information for the Press
- ...
- ...

**Find More EITC Information Specific to:**

- Individuals
- Tax Professionals
- Employers
- Partners

**IRS Reports on the Earned Income Tax Credit**

Footnote 31

**498**

(To download and print a PDF file, you will need to have the Adobe Acrobat Reader software installed. You can download a free version of Adobe Acrobat Reader FREE from the Adobe Reader download page on Adobe's Web site.

- [illegible] Changes to Earned Income Tax Credit [illegible] 2003 Returns (PDF)
- [illegible] (PDF)
- [illegible] (PDF)
- Qualifying Child Residency & Relationship [illegible] Undocumented [illegible] Acceptance (PDF)

**Missing Children**

The IRS is partnering with the National Center for Missing & Exploited Children (NCMEC) to help search for missing children. For more information

- Visit the NCMEC website
- Call NCMEC at 1-800-843-5678

*Page Last Reviewed or Updated: April 16, 2010*

**2008 Earned Income Tax Credit (EITC) - Should I Claim It?**

**Start Here: Am I an Eligible Individual?**
Determine if you are eligible for the Earned Income Tax Credit. Even if you are an eligible individual, whether you can claim the credit also depends on your filing status and income level. This tool will not only determine your eligibility, but can also determine your filing status, and the number of your qualifying children, and it can estimate your credit amount.

**How Much is My Credit?**
If you already know that you are eligible for the credit for this tax year, this tool will estimate your credit amount. You will need to know the amount and types of income you received for the 2008 tax year and any adjustments to that income. You should use actual amounts if you have them available. The program will assist you by prompting you for the amounts needed.

**Caution:** If you lived in a Midwestern disaster area in 2008, and your 2008 earned income was less than your 2007 earned income, you may qualify to use your 2007 earned income instead of your 2008 earned income to figure your EIC. See Publication 4492-B, Information for Affected Taxpayers in the Midwestern Disaster Areas, for more information on the declared disaster areas and how to make this election.

**New for 2008:** Beginning this year, this tool provides those who are eligible with the option to display a printable summary of their estimated Earned Income Tax Credit

**NOTE:** The information you provide is anonymous and will be used only for purposes of determining your eligibility. It will not be shared, stored or used in any other way, nor can it be used to identify the individual who enters it. The information is collected within the program.

Help in only determining your filing status

Help in determining whether your child is your qualifying child

View the EITC charts for 2008

# 500

**Recovery Rebate Credit Information Center**

En Español

Video: Recovery Rebate Credit

The recovery rebate credit is a one-time benefit for people who didn't receive the full economic stimulus payment last year and whose circumstances may have changed, making them eligible now for some or all of the unpaid portion.

Generally, a credit adds to the amount of your tax refund or lowers the amount of taxes owed. Therefore, the amount you receive for the recovery rebate credit will be included as part of your refund, as shown on your tax return.

## You May Be Eligible

People who fall into the categories described below may be eligible for the recovery rebate credit this year:

- Individuals who did not receive an economic stimulus payment.
- Those who received less than the maximum economic stimulus payment in 2008 — $600 per taxpayer, $1,200 if married filing jointly — because their qualifying income was either too high or too low.
- Families who gained an additional qualifying child in 2008.
- Individuals who could be claimed as a dependent on someone else's tax return in 2007, but who cannot be claimed as a dependent on another return in 2008.
- Individuals who did not have a valid Social Security number in 2007 but who did receive one in 2008.

## How to Get the Recovery Rebate Credit

You need to claim the recovery rebate credit on Form 1040, 1040A or 1040EZ. The instructions for these forms will show you which lines to use. Unlike the economic stimulus payment, the recovery rebate credit will be included in your tax refund for 2008 and will not be issued as a separate payment.

## The IRS Will Figure the Credit for You in Most Cases

You can let the IRS figure the credit when you file your 2008 Form 1040, 1040A or 1040EZ. If you're filing on paper, simply follow the line-by-line instructions to choose this option. If you're filing electronically, the software will figure the credit for you.

## Or You Can Figure It Yourself

Likewise, you can figure and claim the recovery rebate credit on your 2008 Form 1040, 1040A or 1040EZ. The worksheet in the form 1040 instruction booklet can help you figure your credit by hand. To complete the worksheet, you'll need the amount of your 2008 economic stimulus payment, if any. This amount was provided on Notice 1378, Economic Stimulus Payment Notice, sent by the IRS to taxpayers who received a payment.

You need to know the amount of your 2008 economic stimulus payment to determine if you are eligible for the Recovery Rebate Credit. You will need the total amount of your stimulus payment to complete the Recovery Rebate Credit worksheet that is in the Form 1040, 1040A and 1040EZ instruction booklets. Even if your payment was reduced to satisfy other debts, as would be stated on your Notice 1378, you still need to include the total. If you received more than one payment — and more than one Notice 1378 — enter the total of all payments you received.

## Has Your Filing Status Changed?

If your filing status changed for 2008, follow these simple directions to determine the amount of your total 2008 stimulus payment. You'll need to use this amount when you calculate your 2008 Recovery Rebate Credit.

## Find the Answers to Your Questions

You might find what you're looking for on our Recovery Rebate FAQ page.

## Related Items:

- Tax Tip 2009-21, How to Correctly Claim the Recovery Rebate Credit on your 2008 Return
- IR-2009-10, IRS Offers Tips to Avoid Recovery Rebate Credit Confusion
- Special Edition Tax Tip 2009-2, Four Tips to Help Taxpayers Avoid Errors On the Recovery Rebate Credit
- Economic Stimulus Payment Information Center

*Page Last Reviewed or Updated: January 05, 2010*

Footnote 44

**Basic Information on the Stimulus Payments**

*Updated July 10, 2008*

Find out more about what it is and how to get it, if you haven't already

**What is it?** It's an economic stimulus payment that more than 124 million households will receive. It's not taxable, and it won't reduce your 2007 or 2008 refund or increase the amount you owe when you file your 2008 return. Payments started in May and will run through the end of 2008.

**Are you eligible?** The majority of people who file a 2007 income tax return qualify, and many who don't regularly file a tax return may qualify as well. You're eligible if you have a valid Social Security number (SSN), can't be claimed as a dependent on a tax return and have either an income tax liability or "qualifying income" of at least $3,000. Qualifying income includes any combination of earned income and certain benefits from Social Security, Veterans Affairs or Railroad Retirement. Supplemental Security Income (SSI) does not count as qualifying income for the stimulus payment. Additional information is below, and a full legal description is available in Revenue Procedure 2008-11.

Both people listed on a "married filing jointly" return must have valid SSNs to qualify for the payment — if only one has a valid SSN, neither can receive the payment (there's an exception for members of the military who file joint returns — see below).

**Can you use an ITIN instead of an SSN?** Taxpayers with an Individual Taxpayer Identification Number (ITIN) instead of an SSN are not eligible to receive a stimulus payment. Both people listed on a "married filing jointly" return must have valid SSNs to qualify for the payment — if only one has a valid SSN, neither can receive the payment.

However, a new law passed in June, the HEART Act, made an exception to the SSN requirement for married members of the military, including couples with children. In November, stimulus payments will be sent to more than 10,000 military families filed by the change and who already had filed a return. They need do nothing more. See the News Release on this exception and related Questions and Answers (FS-2008-26).

**Not eligible at the current time?** If you're not eligible this year but you become eligible next year, you can claim your payment next year on your 2008 tax return.

**How do you get it?** Just file a federal tax return for 2007 by Oct. 15, 2008, even if you normally don't have to because your income usually doesn't meet the filing threshold. Those who normally don't have to file a tax return and can use the short form for the stimulus payment can check out tax package 1040A-3, which has instructions, a sample Form 1040A and a blank Form 1040A — everything needed to file the tax form.

**How much will you get?** The actual amount depends on the information contained on your tax return. Eligible individuals will receive between $300 and $600. Those who are eligible and file a joint return will receive a total of between $600 and $1,200. Those with children will get an additional $300 for each qualifying child. To qualify, a child must be eligible under the Child Tax Credit and have a valid Social Security number. We have various calculators for you to check out.

The payment is phased out at certain income levels, so those with higher incomes may receive a reduced payment or none at all.

**Can you estimate your payment?** An online calculator allows you to answer a few questions and get a quick estimate of your payment amount.

**How will you receive the payment?** Be sure to choose direct deposit when you file your tax return, even if you aren't due a regular tax refund on your tax return. That way, the stimulus payment will go right to your bank account. Otherwise, we'll mail you a check.

**When will you get your payment?** It will generally take a minimum of eight weeks after you file your return to get your stimulus payment. If you're getting a regular refund on tax refund, the IRS will send you that refund first. Your separate stimulus payment should follow one to two weeks after you receive your refund. Find out more.

**What if some or all of your income consists of Social Security, veterans' or other benefits?** The economic stimulus law allows Social Security recipients and recipients of certain veterans' benefits and Railroad Retirement benefits to count those benefits toward the qualifying income requirement of $3,000. Supplemental Security Income (SSI) does not count as qualifying income for the stimulus payment. To get the payment, you have to file a 2007 tax return using either Form 1040 or the short-form 1040A.

**Learn More about the Economic Stimulus Payments**

For more information, check out our

- Stimulus Payment Information Center, and
- Frequently Asked Questions (FAQs) about the stimulus payment

**Warning — Scam Artists Are Contacting Taxpayers about the Stimulus Payments**

The IRS is not e-mailing or calling taxpayers about their stimulus payment. So if someone claiming to be from the IRS calls or e-mails you about the payments and asks you for a Social Security, bank account or credit card number or similar information, it's a scam. The scammers are trying to get your personal and financial information so they can empty your bank account, run up charges on your credit card and more. Find out more — see IR-2008-11, IRS Warns of New E-Mail and Telephone Scams Using the IRS Name; Advance Payment Scams Starting.

*Page Last Reviewed or Updated: December 12, 2008*

Footnote 46

502

**Phase Out of the Stimulus Payment**

The stimulus payment — both the base component and the additional funds for qualifying children — begins to phase out for individuals with adjusted gross incomes (AGI) over $75,000 and married couples who file a joint return with AGI over $150,000. The combined payment is reduced by 5 percent of the income above the AGI thresholds.

Here are two examples of how the phase out works.

- An individual with AGI of $80,000 and federal income tax liability in excess of $600 would qualify for a basic rebate of $600. Because this individual's AGI exceeds $75,000, however, her rebate is reduced by $250 (the credit is reduced by multiplying the amount of AGI over $75,000 by 5%). The taxpayer receives an economic stimulus payment of $350.

- A married couple with two children, AGI of $160,000 and federal income tax liability before the child tax credit exceeding $1,200 qualifies for a basic rebate of $1,200 and an additional qualifying child credit of $600 for a total rebate of $1,800. But because the couple's AGI exceeds $150,000, their rebate is reduced by $500 (the amount of AGI over $150,000 multiplied by 5%). The couple receives an economic stimulus payment of $1,300.

*Page Last Reviewed or Updated: February 20, 2008*