**In the Matter of Mohammed HRAGA and Renee Hraga, Debtors.**

**No. 11–54704–JRS.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 6, 2011.

50. *Id.* at 36–37.

Mohammed Hraga, Loganville, GA, pro se.

Renee M. Hraga, Loganville, GA, pro se.

## ORDER ON DEBTORS' MOTION TO RETAIN TAX REFUND

JAMES R. SACCA, Bankruptcy Judge.

Before the Court is the Debtors' Motion to Retain Tax Refund [Doc. No. 15] (the "Motion"), the Response thereto filed by the Chapter 7 Trustee, Janet Watts (the "Trustee") [Doc. No. 22], Debtors' Response [Doc. No. 29] and the Trustee's Amended Response [Doc. No. 31]. In the Motion, Debtors seek authority to retain their joint federal and state income tax refunds in the amount of $10,388 (collectively referred to hereafter as the "refund"). Debtors assert that they are each entitled to half of the refund and, because they have each claimed an exemption in their portion, they should be able to retain the entire refund. The Trustee asserts that no portion of the refund is property of Mrs. Hraga's bankruptcy estate and, therefore, all but that portion of the refund which may be exempted by Mr. Hraga should be delivered to the Trustee for administration as an asset of the bankruptcy estate.[1] Accordingly, the Court must determine the ownership of the joint tax refund at the time Mr. and Mrs. Hraga filed their Chapter 7 petition.

### BACKGROUND AND PROCEDURAL HISTORY

Mohammed and Renee Hraga filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on February 17, 2011. The Trustee was thereafter appointed as the Chapter 7 Trustee. In the Motion and on Schedule B, as amended [Doc. No. 26], the Debtors disclosed federal and state income tax refunds of $10,388 for tax year 2010, which they asserted were a joint asset. On Schedule C, as amended [Doc. No. 36], the Debtors each

---

1. The Trustee has objected to the Debtors' exemptions, including to the refunds at issue [Doc. No. 32]. Because Mr. Hraga's exemption in the refund cannot exceed $5,600 less the $532 exemption he claimed in a joint checking account, the Trustee is seeking to administer no less than $5,068 of the refund.

claimed $5,067.99 of the refund as exempt pursuant to O.C.G.A. § 44–13–100(a)(6). The Trustee objected to the Motion on the basis that (a) the refund is the sole property of Mr. Hraga, who was the sole wage earner in the family and from whose wages came the withholdings which generated the refund and (b) Mr. Hraga does not have sufficient exemptions to exempt the entire amount of the refund.

The parties agree that only Mr. Hraga earned income in 2010. Mr. Hraga had total income of $83,131 in 2010, all of which was attributable to his employment. The Hraga's only "payment" toward their tax liability, other than the withholdings from Mr. Hraga's wages, was one refundable credit[2] on their 2010 federal tax return, which was the Making Work Pay credit of $800. During the 2010 tax year, the Debtors' federal joint income tax liability was $2,709, and the state liability was $2,395. Federal tax withholdings from Mr. Hraga's wages totaled $10,944 and the state withholdings totaled $4,548. Consequently, $10,388 of the funds withheld from Mr. Hraga's wages were refunded. Following a hearing on April 12, 2011, the Court took the matter under advisement. Debtors' 2010 federal and state tax returns were filed with the Court after the hearing at the Court's direction to complete the record. The Debtors have admitted that they have spent $7,408.63 of the refund,[3] leaving a balance of $2,979.37, and the Court directed the Debtors at the hearing not to spend any more of the refund.

CONCLUSIONS OF LAW

The question before the Court is whether or to what extent a non-income earning spouse who paid no withholding taxes is entitled to a portion of a joint income tax refund in a bankruptcy case. To answer this question, the Court must determine the relative property interests of the Debtors in the refund. *In re Evans*, No. 10–10077–WHD, 2010 WL 6612501, at *1 (Bankr.N.D.Ga.2010).

■ A bankruptcy court must apply the applicable state law to determine whether a debtor held a property interest at the time the bankruptcy petition was filed. *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–19, 59 L.Ed.2d 136 (1979). There does not appear to be any Georgia law that answers the question of how to allocate a joint income tax refund between married taxpayers other than when they are seeking a dissolution of their marriage. How a tax refund would be allocated in a state court divorce proceeding, however, is not the appropriate inquiry in a bankruptcy proceeding. *In re Carlson*, 394 B.R. 491, 494–95 (8th Cir. BAP 2008); *Evans*, 2010 WL 6612501, at *2. While the objective of the law in a marital dissolution may be the equitable distribution of assets between spouses, the objective of bankruptcy law is the equitable distribution of each of a debtor's assets to each of that debtor's creditors. *In re Crowson*, 431 B.R. 484, 489 (10th Cir. BAP 2010); *Carlson*, 394 B.R. at 495; *Evans*, 2010 WL 6612501, at *2. The appropriate inquiry, therefore, is whether Mrs. Hraga

**2.** The "Payment" section of the federal tax return, which contains the refundable credits to which the Court is referring, is found on lines 61 through 72 of Form 1040 for 2010. Credits on the 2010 Georgia Form 500 return can be found on Schedule 2, lines 1 through 12. Debtors did not claim any such credits on their 2010 Georgia tax return.

**3.** An itemization of on what the Debtors have spent the refund was filed with the Court after the hearing, as well. At the time the Motion was filed on March 18, 2011, the Debtors allege they had spent $2,721.18 of the refund. By the time of the hearing on April 12, 2011, the Debtors spent another $4,687.45 of the refund without getting the court approval they sought in the Motion.

had a right to a portion of the refund at the time of the bankruptcy filing and whether that right, if any, became part of her bankruptcy estate, and not whether she might be entitled to seek an equitable distribution of the refund in some speculative, future divorce proceeding. *Crowson*, 431 B.R. at 489; *Carlson*, 394 B.R. at 495; *Evans*, 2010 WL 6612501, at *2.

 Because spouses in Georgia neither hold property as community property nor as tenants by the entirety, *see* O.C.G.A. § 19–3–9 (Lexis 2011), Georgia law is not like the applicable state law in most of the jurisdictions where bankruptcy courts are located that have held that spouses have equal interests in a tax refund. *See In re Marciano*, 372 B.R. 211 (Bankr.S.D.N.Y.2007) (applying New York law); *In re Barrow*, 306 B.R. 28 (Bankr. W.D.N.Y.2004) (applying New York Law); *In re Aldrich*, 250 B.R. 907 (Bankr. W.D.Tenn.2000) (applying Tennessee law); *see also In re Innis*, 331 B.R. 784 (Bankr. C.D.Ill.2005) (finding marriage is a shared partnership under Illinois law); *but see In re Lock*, 329 B.R. 856 (Bankr.S.D.Ill.2005) (spouses do not hold equal interests in property under Illinois law). Georgia law has no presumption of equal ownership of property between spouses. O.C.G.A. § 19–3–9 ("The separate property of each spouse shall remain the separate property of that spouse, except as provided in Chapters 5 and 6 of this title and except as otherwise provided by law."); *Evans*, 2010 WL 6612501, at *3 (citing O.C.G.A. § 19–3–9). Accordingly, in Georgia, funds earned by one spouse from employment during a marriage remain the separate property of that spouse unless the spouse transfers an interest in those funds to the other spouse or a court distributes the funds equitably in a divorce proceeding. *Evans*, 2010 WL 6612501, at *3 (citing O.C.G.A. § 19–3–9).

The majority of bankruptcy courts that have addressed the allocation of a joint tax refund between spouses hold that the refund should be apportioned based upon the respective tax withholdings of the spouses because the applicable state law in their jurisdictions does not presume equal ownership of property by spouses. *See, e.g., Carlson*, 394 B.R. at 494 (applying Minnesota law); *In re Edwards*, 400 B.R. 345 (D.Conn.2008) (applying Connecticut law); *In re W.D.H. Howell, LLC*, 294 B.R. 613 (Bankr.D.N.J.2003) (applying New Jersey law); *In re Lock*, 329 B.R. 856 (Bankr. S.D.Ill.2005) (applying Illinois law); *In re Smith*, 310 B.R. 320 (Bankr.N.D.Ohio 2004) (applying Ohio law). The applicable law in Georgia is consistent with the applicable law in those jurisdictions that hold this majority position.

 Consistent with the analysis of the majority of bankruptcy courts, the Eleventh Circuit Court of Appeals has held that "[w]here spouses claim a refund under a joint return, the refund is divided between the spouses, with each receiving a percentage of the refund equivalent to his or her proportion of the withheld tax payments," *Gordon v. United States*, 757 F.2d 1157, 1160 (11th Cir.1985). A "tax refund essentially represents the government's repayment to the taxpayer of an overpayment made by that taxpayer," and, consequently, "such a refund is the property of the spouse who earned the income and overpaid the tax." *Evans*, 2010 WL 6612501, at *3 (quoting *Carlson*, 394 B.R. at 494) (internal quotation marks omitted). "Put more simply, you take out what you put in." *Edwards*, 400 B.R. at 346. "Put another way, the maker of the overpayment is entitled to the credit or refund ..." *Kemp v. United States*, 131 F.R.D. 212, 213 (N.D.Ga.1990) (quoting *Gens v. United States*, 230 Ct.Cl. 42, 673 F.2d 366, 368 (1982)) (internal quotation marks omit-

ted) (refund apportionable to extent of contribution to overpayment of tax). The mere filing of a joint income tax return does not result in a transfer of property from one spouse to another. *United States v. MacPhail,* No. 04–3472, 2005 WL 2206681, at *3 (6th Cir.2005) (the filing of a joint return does not convert the income of one spouse to the income of another, and accordingly, an overpayment of tax should be disbursed to the person who made the overpayment).

Although the majority position may lead to the correct result in most cases, this Court agrees with *Evans* that "an irrebuttable presumption that the joint tax refund is owned in proportion to the amount of tax withholdings is not appropriate." *Evans,* 2010 WL 6612501, at *3. The concern expressed in *Evans* regarding an irrebuttable presumption has resulted in the recent emergence of another line of bankruptcy cases which apply a formula from the IRS manual and revenue rulings to determine to what extent a portion of the refund may be attributable to a spouse based on payments in the form of credits or overpayments generated by a spouse apart from tax withholdings. E.g., *In re Palmer,* No. 10–6009–7, 2011 WL 890690, at *7 (Bankr.D.Mont.2011); *Evans,* 2010 WL 6612501, at *3–*5; *Crowson,* 431 B.R. at 490–98.[4] An example of a situation where such an irrebuttable presumption would not be appropriate would be where one spouse contributed all of the withholdings, but the other spouses was entitled to

the first time home buyer tax credit, which tax credit, rather than the withholdings alone, generated or contributed to the refund. In the case before this Court, using the formulas in *Evans, Crowson* and *Palmer,* all of the $800 credit taken by the Hragas for Making Work Pay would be attributed to Mr. Hraga because Mrs. Hraga could not claim any such credit if she filed a separate return on account of the fact that she had no income.

■ Because Mr. Hraga is the only one of these joint debtors who earned income in 2010 and it was the withholdings from his income and the Making Work Pay credit attributable solely to his income that resulted in the overpayment which generated the refund, this Court finds that the refund in its entirety was the sole property of Mr. Hraga at the time of the bankruptcy filing. *Palmer,* 2011 WL 890690; *Evans,* 2010 WL 6612501; *Crowson,* 431 B.R. 484; *see In re Edwards,* 363 B.R. 55 (Bankr.D.Conn.2007) *aff'd* 400 B.R. 345 (D.Conn.2008); *WDH Howell, LLC,* 294 B.R. 613; *Lock,* 329 B.R. 856; *In re Kleinfeldt,* 287 B.R. 291 (10th Cir.BAP2002). Accordingly, it is hereby

**ORDERED,** that the Debtors' Motion is granted in part to the extent Mr. Hraga can exempt the refund, and it is denied to the extent he cannot. The Debtors are directed to turn over to the Trustee the sum of $5,068, which amount may be increased based on the Trustee's objection to the Debtors' exemptions.[5] The Debtors

---

4. The 10th Circuit Bankruptcy Appellate Panel in *Crowson* did not overrule the prior decision of the 10th Circuit Bankruptcy Appellate Panel in *Kleinfeldt,* but rather limited the ruling in *Kleinfeldt* to its facts, that being a case with one income earning spouse where the refund is comprised solely of a refund of that spouse's withheld wages and where no refundable credits or other overpayments had to be allocated between the spouses. *Crowson,* 431 B.R. at 487.

5. The hearing on the Trustee's Objection to the Debtors' Exemptions is scheduled for June 14, 2011 at 10:00 a.m. If the Court determines that additional amounts must be turned over to the Trustee as a result of this hearing, the court will determine a deadline at that time by which those additional funds must be turned over.

532

shall turn over to the Trustee $2,979.37 on or before June 13, 2011 and the parties shall cooperate with one another to submit a consent order to the Court on or before June 13, 2011 containing the terms for repayment of the remaining $2,088.63 under this Order. It is

**FURTHER ORDERED,** if a consent order containing the terms of the repayment of the balance of the $2,088.63 is not submitted on or before June 13, 2011, then the Court shall hold a hearing on the matter on June 14, 2011, at 10 a.m. in Courtroom 1404, United States Courthouse, 75 Spring St., Atlanta, Georgia 30303 to consider repayment terms for the balance of the refund that must be turned over to the Trustee.